ORDERED.

Dated: November 22, 2024

_____
Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

Case No. 8:19-bk-11002-CPM
Chapter 13

In re:

Eileen Dianne Carroll
    Debtor.[1]
_____/

**ORDER DISMISSING CHAPTER 13 CASE**
(THE ORDER IS EFFECTIVE ON THE 15TH DAY FOLLOWING DATE OF ENTRY)

    THIS CASE came on consideration for the purpose of entering an appropriate order following the entry of an Order Reserving ruling on Trustee's Motion to Dismiss for Failure to Make Plan Payments and Granting Period to Cure Default entered on July 1, 2020 (Doc #21). By submission of this Order for entry, the Trustee certifies that pursuant to the aforementioned order, a Notice of Default in Plan Payments was sent to the Debtor(s) and Debtor's attorney and filed on October 25, 2024 (Doc #40) and the Debtor[1] has not cured the delinquency.

    Accordingly, it is

    **ORDERED**:

    1.    The case is dismissed without prejudice effective on the 15th day following the date of entry of this Order.

    2.    If the automatic stay imposed by 11 U.S.C. § 362(a) or the stay of an action against a codebtor under 11 U.S.C. § 1301 is in effect at the time this Order is entered, the automatic stay shall remain in effect for 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2)(B).

---

[1] All references to "Debtor" include and refer to both of the Debtor in a case filed jointly by two individuals.

**3.     Debtor may convert this case to a case under another chapter of the Bankruptcy Code within 14 days of the date of this Order. If the case is not converted within 14 days, the case is dismissed effective on the 15th day after the date of entry of this Order.**

4.     If Debtor files a motion to vacate or for reconsideration of the Order Dismissing the Case within 14 days of the date of this Order, the automatic stay imposed by 11 U.S.C. § 362 and the stay of action against codebtor under 11 U.S.C. § 1301 shall remain in full force and effect until the Court rules on the motion.

5.     All pending motions are denied and all pending hearings are canceled except for the following, over which the Court retains jurisdiction:  (a) motions for relief from stay that (i) were scheduled for hearing within fourteen days of the date of the dismissal order, or (ii) request an order binding upon the debtor in subsequently filed cases; and (b) any pending order to show cause for dismissal with prejudice.

6.     Notwithstanding any other Court orders, the Trustee shall return to Debtor, or if Debtor is represented by an attorney, to Debtor in care of Debtor's attorney, any remaining funds on hand not previously disbursed and shall thereafter file the Trustee's final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

7.     Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive.  The Court shall retain jurisdiction for this purpose.

Trustee, Jon M. Waage, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

JMW/kja                                                                C13T 11/22/24